**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

MARVIN BARTON, *et al.*,                          *
                                                  *
    Plaintiffs,                                  *
                                                  *                              AW-06-0192
    v.                                           *       Civil Action Nos.      AW-07-1394
                                                  *                              AW-07-1869
APARTMENT INVESTMENT &                            *
MANAGEMENT COMPANY, *et al.,*                     *
                                                  *
    Defendants.                                  *
                                                  *
*******************************************************************************

<u>**ORDER**</u>

Currently pending before the Court is Defendants' Motion to Dismiss *Pro Se* Plaintiffs for

Failure to Prosecute (Docket No. 69).  Defendants state that discovery requests were propounded

on all the Plaintiffs in October 2007.  Defendants also state that most of the Plaintiffs have

responded to Defendants' written discovery requests, except the seven current *pro se* Plaintiffs.[1]  On

May 14, 2008, counsel for Plaintiffs moved to withdraw as counsel for seven *pro se* Plaintiffs, citing

their failure to communicate with counsel and the inability of counsel to prosecute their claims.  On

May 27, 2008, the Court granted the motion, finding that good cause had been shown for counsel

to withdraw.  On that same day, the Court notified those Plaintiffs of their *pro se* status.  Defendants

maintain that, to date, the *pro se* Plaintiffs have not retained new counsel nor have they responded

to Defendants' written discovery requests, which was served in October 2007.  The Court also notes

that none of the *pro se* Plaintiffs have filed any response to the motion, and the time-allotted for their

---

[1] These *pro se* Plaintiffs are Joseph Mattingly, Jr., Andrigo Prevento, James Reid, Richard Swartz, Mark
Tippett, Jonathan Wright, Jr., and Florentino Zuniga.

1

response has expired.

Under the Federal Rules of Civil Procedure, a court can dismiss an action for failure to prosecute, to comply with the federal rules, or to comply with a court order. *See* Fed. R. Civ. P. 41(b) and 37(b). Courts generally evaluate four factors to determine the propriety of dismissing an action under Rule 41(b): (1) the degree of personal responsibility on the part of plaintiff; (2) the amount of prejudice to defendant; (3) whether the record indicates a history of deliberately proceeding in a dilatory fashion; and (4) whether less drastic sanctions are available. *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991); *see also O'Neal v. Cook Motorcars, Ltd.*, No. 96-1816, 1997 WL 907900, at *1 (D. Md. April 1, 1997).

Upon considering the factors above and the circumstances in this case, the Court finds that dismissal of this action, although a severe sanction, is warranted.  There has been no participation in this case by the *pro se* Plaintiffs, and Defendants would be prejudiced by their inability to properly mount a defense to the pro se Plaintiffs' claims without having the benefit of their requested discovery.  Therefore, IT IS this **27th day of August, 2008**, by the United States District Court for the District of Maryland, hereby **ORDERED:**

1.  That Defendants' Motion to Dismiss *Pro Se* Plaintiffs for Failure to Prosecute (Docket No. 69) BE, and the same hereby IS, **GRANTED**;

2.  That the Clerk of the Court **DISMISS** the following *pro se* Plaintiffs from this action: Joseph Mattingly, Jr., Andrigo Prevento, James Reid, Richard Swartz, Mark Tippett, Jonathan Wright, Jr., and Florentino Zuniga; AND

3.      That the Clerk of the Court transmit a copy of this Order to all counsel of record and

mail the same to *pro se* Plaintiffs.


_____/s/_____
Alexander Williams, Jr.
United States District Court